IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexanrida Division

PATTI HIDALGO MENDERS; SCOTT
MINEO; AND JANE DOES #1, #2, AND #3,
ON BEHALD OF THEMSELVES AND
THEIR MINOR CHILDREN; R.M.; A.M.;
JANE DOES #4, #5, and #6; AND JOHN
DOES #1 AND #2,

    Plaintiffs,

v.                                          Case No. 1:21-cv-00669

LOUDOUN COUNTY SCHOOL BOARD,

    Defendants.

**DEFENDANT'S MEMORANDUM
IN OPPOSITION TO MOTION OF PLAINTIFFS TO PROCEED ANONYMOUSLY**

    Defendant Loudoun County School Board ("School Board"), by counsel and pursuant to

Local Rule 7(F), submits this memorandum in opposition to the Motion of Plaintiffs to Proceed

Anonymously.  In opposition to Plaintiffs' Motion, the School Board states as follows:

**INTRODUCTION**

    The Plaintiffs in this action, five parents of school-aged children in Loudoun County and

their seven minor children, assert Equal Protection and First Amendment claims against the

School Board related to its Student Equity Ambassador program.  Plaintiffs' Motion requests

permission for three of the adult plaintiffs, Jane Does #1, #2, and #3 ("Adult Doe Plaintiffs"),

and five minor plaintiffs,[1] Jane Does #4, #5, and #6 and John Does #1 and #2 ("Minor Doe

Plaintiffs") (collectively "Doe Plaintiffs"), to proceed anonymously.  Dkt. 7; Dkt. 7-1.  For the

---

[1] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires minors to be identified by their
initials but Plaintiffs seek, instead, to be identified by Jane and John Doe designators only.

reasons stated below, the Doe Plaintiffs are not entitled to proceed anonymously and accordingly the Court should deny Plaintiffs' Motion.[2]

<div align="center">

**ARGUMENT**

</div>

I.      **The factors set forth by the Fourth Circuit in <u>James v. Jacobsen</u> weigh heavily against anonymity.**

"Pseudonymous litigation undermines the public's right of access to judicial proceedings. The public has an interest in knowing the names of the litigants and disclosing the parties' identities furthers openness of judicial proceedings.  <u>Doe v. Pub. Citizen</u>, 749 F.3d 246, 273 (4th Cir. 2014) (internal citations omitted); <u>see also</u> <u>Candidate No. 452207 v. CFA Inst.</u>, 42 F. Supp. 3d 804, 806 (E.D. Va. 2012) ("Federal courts recognize a strong presumption of openness in judicial proceedings that generally requires disclosure of the identities of the parties to litigation.")  Indeed, the Federal Rules of Civil Procedure require that the identities of the parties to a case be disclosed. <u>See</u> Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties....").

Permission to proceed anonymously is a "rare dispensation" that is only granted "when privacy or confidentiality concerns are sufficiently critical."  <u>James v. Jacobson</u>, 6 F.3d 233, 238 (4th Cir. 1993).  "[B]ecause of the presumption of openness with regard to American judicial proceedings, federal courts generally have been rather rigorous in not allowing the plaintiff to commence an action anonymously or to proceed under a pseudonym." 5A Charles Alan Wright & Arthur Miller, et al., <u>Fed. Practice & Procedure</u> § 1321 (4th ed. 2020).

The Fourth Circuit in <u>James</u> identified five factors for courts to consider when evaluating requests to proceed anonymously:

---

[2] The School Board does not object to the Minor Doe Plaintiffs being identified by their initials only in documents filed in this case, as required by Rule 5.2(a)(3).

<div align="center">

2

</div>

[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
[3] the ages of the persons whose privacy interests are sought to be protected;
[4] whether the action is against a governmental or private party; and,
[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

James, 6 F.3d at 238; e.g., CFA Institute, 42 F. Supp. 3d at 808.

While Plaintiffs suggest that the Court consider seven factors that have been considered by courts in other jurisdictions but which have never been adopted by the Fourth Circuit, Dkt. 7-1 at 9-10, they only argue two factors – that there is a danger of "retaliation against Plaintiffs or their children for participating in this case" (Id. at 12-14) and that the Doe Plaintiffs "are all parents of minor children" (Id. at 11-12) – which correspond, roughly, with the second and third James factors, respectively.

As demonstrated below, none of the James factors weigh in favor of permitting the Doe Plaintiffs to proceed anonymously.[3]  Accordingly, the Court should deny Plaintiffs' Motion.

> **A. The first James factor, which Plaintiffs did not even address, weighs against anonymity because this case does not implicate any matters of a sensitive and highly personal nature to Plaintiffs.**

The first James factor considers "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to

---

[3] All five factors do not need to weigh against anonymity in order to deny Plaintiffs' motion. See e.g., Doe v. Pittsylvania Cty., 844 F. Supp. 2d 724 (W.D. Va. 2012) (denying motion to proceed anonymously when two of the James factors weighed in favor of anonymity, two factors weighed against anonymity, and one factor was neutral); Doe v. Merten, 219 F.R.D. 387, 396 (E.D. Va. 2004) (denying motion to proceed anonymously when four of the five James factors [described therein as Jacobson factors] weigh against proceeding anonymously).

preserve privacy in a matter of [a] sensitive and highly personal nature." [4]  James, 6 F.3d at 238.

Plaintiffs do not even argue that they seek to "preserve privacy in [any] matter of a sensitive and

highly personal nature."  Dkt. 7-1 at 11-14.  Nor could they successfully so argue because this

case does not implicate any matters of a sufficiently sensitive and highly personal nature as to

justify anonymity.

Cases in which the courts have found that the first James factor favors anonymity "have

typically involved such intimate personal matters as birth control, abortion, homosexuality, or

the welfare rights of illegitimate children or abandoned families."  Doe v. Merten, 219 F.R.D.

387, 392 (E.D. Va. 2004) (internal citations omitted).   Additionally, courts have held that a

party's HIV status, status as a victim of sex trafficking, and status as an alleged perpetrator of

sexual assault are matters of a sensitive and highly personal nature that weigh in favor of

anonymity.  Patient v. Corbin, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998) (HIV status); A.D. v.

Wyndham Hotels & Resorts, Inc., No. 4:19CV120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20,

2020), order clarified, No. 4:19CV120, 2020 WL 8639343 (E.D. Va. July 30, 2020) (sex

trafficking victim); Doe v. Virginia Polytechnic Inst. & State Univ., No. 7:18-CV-320, 2018 WL

5929645, at *3 (W.D. Va. Nov. 13, 2018) (allegations of sexual assault).  A party's religious

beliefs can also be the type of highly personal and sensitive matter such that anonymity is

warranted.[5]  Doe v. Pittsylvania Cty., Va., 844 F. Supp. 2d 724, 729 (W.D. Va. 2012).

---

[4] Notably, Plaintiffs include a similar factor in their proposed framework – and even cite James,
which they refer to as Jacobsen, among other cases – but they frame the factor as "whether 'the
litigation involves matters that are highly sensitive and of a personal nature,' such as
controversial medical issues" and they omit the alternative, applicable here, which is whether the
movant seeks to "avoid the annoyance and criticism that may attend any litigation."
[5] Plaintiffs argue that "four federal circuits [but not the Fourth Circuit] have permitted parents to
anonymously challenge school district policies for violating sensitive rights." Dkt. 7-1 at 10-11.
All five cases cited by Plaintiffs for this proposition, however, involve religious beliefs which, as

This case involves no such sensitive and highly personal issues and, therefore, the first

James factor weighs against anonymity.   E.g. Merten, 219 F.R.D. at 392 (holding that

"unlawful or problematic immigration status is simply not the type of 'personal information of

the utmost intimacy' that warrants abandoning the presumption of openness in judicial

proceedings."); Doe v. Liberty Univ., No. 6:19-CV-00007, 2019 WL 2518148, at *3 (W.D. Va.

June 18, 2019) ("Plaintiff's professional reputation is not of such a sensitive or personal nature

that it "override[s] the paramount importance of open courts.") Virginia Polytechnic Inst. & State

Univ., 2018 WL 1594805, at *2 (seeking to avoid the stigma associated with having been found

guilty of cheating not sufficient to support anonymity).

## B. The second James factor weighs against anonymity because the Plaintiffs will not face retaliatory physical or mental harm if their identities are revealed.

The second James factor considers whether identification poses a risk of retaliatory

physical or mental harm to the requesting party or to innocent non-parties. James, 6 F.3d at 238.

With regard to this factor, Plaintiffs argue that they or their children "will face harassment and

retaliation if their identities become public," citing the "cancel culture [] so intense that even the

national news media has covered it."  Dkt. 7-1 at 12.  To support their argument, Plaintiffs point

to the alleged activities of some members of a private Facebook group, including creating a list

of the names of individuals who opposed LCPS's equity efforts and a proposal to recruit

---

noted above, has been recognized as a sensitive and highly personal matter.  Doe ex rel Doe v. Elmbrook School Dist., 658 F.3d 710, 721-24 (7th Cir. 2011);  Stegall, 653 F.2d at 181; Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004); Doe v. Madison Sch. Dist. No. 321, 147 F.3d 832, 834 n.1 (9th Cir. 1998), vacated on other grounds by 177 F.3d 789 (9th Cir. 1999) (en banc); Doe v. Harlan Cty. Sch. Dist., 96 F. Supp. 2d 667, 670–71 (E.D. Ky. 2000); Freedom From Religion Found., Inc. v. Emanuel Cty. Sch. Sys., 109 F. Supp. 3d 1353, 1355 (S.D. Ga. 2015).  Unlike the plaintiffs in these five cases, Plaintiffs' claims here do not implicate any religious beliefs and, therefore, these cases have no bearing here.

"hackers" to "shut down their website or redirect them to" other websites.  Plaintiffs also point to the apparent decision of GoFundMe to shut down Plaintiff Mineo's online fundraiser, a failed proposal to adopt a policy regarding employee speech, the removal of a Board member from a committee, and a proposal to ban Trump flags which apparently was never acted on.  Dkt. 7-1 at 13-14.

As an initial matter, the Court should not consider any of these alleged "facts" asserted by Plaintiffs because the Court should not take judicial notice of the contents of the online articles Plaintiffs rely upon.  See Defendant Loudoun County School Board's Memorandum in Opposition to Corrected Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of their Motion to Proceed Anonymously, filed contemporaneously herewith.

Even if the Court considers these "facts" asserted by Plaintiffs, their arguments with respect to the second James factor fail for at least two reasons: (1) Plaintiffs have not shown any risk of physical or mental harm to themselves and (2) the evidence of harm they do allege is based on actions that were not directed at any of the Doe Plaintiffs (such as social media activity and failed policy proposals).

First, Plaintiffs' vague and generalized fears of "retaliation and harassment" do not suffice to support their assertion that they will suffer harm in this instance if they must proceed under their real names.  Cf. Pittsylvania Cty., 844 F. Supp. 2d at 733–734 ("Merely citing some instances in which Establishment Clause plaintiffs have been victims of retaliatory conduct does not establish a risk of retaliatory harm for this particular plaintiff in these particular circumstances.").  Nor do any of the alleged specific actions relied upon by Plaintiffs (such as social media activity and purported "hacking") demonstrate any risk of retaliatory physical or mental harm to any of the Doe Plaintiffs.  See, e.g., Pittsylvania Cty., 844 F. Supp. 2d at 734-35

(considering a number of disturbing and offensive incidents including derogatory calls and emails, critical internet commentary, an "untoward" comment about plaintiff's ethnicity, and even a letter purporting to be from the Grand Dragon of the local chapter of the Ku Klux Klan that was "clearly sent in an effort to intimidate plaintiff" and finding these were not sufficient to establish a risk of retaliatory harm under the second James factor); CFA Inst., 42 F. Supp. 3d at 809 (finding the second James factor weighed against anonymity when the plaintiff claims only reputational harm and not physical or psychological harm).

Second, none of the alleged actions relied upon by Plaintiffs is directed at any of the Doe Plaintiffs.[6]  Retaliatory actions that are not directed at the party seeking anonymity are not sufficient to satisfy the second James factor.  For example, in Pittsylvania County, 844 F. Supp. 2d at 734-35, the court held that numerous inflammatory calls and emails to plaintiff's counsel, including statements that counsel would "burn in hell" and should be "fired and put in the dump" did not establish that plaintiff herself was at risk of retaliatory harm because the calls and emails were directed at counsel, not plaintiff.  As in Pittsylvania County, Plaintiffs here have only identified actions directed at other individuals and, therefore, even if such actions were threatening (which they are not), they still are not sufficient to show that the Doe Plaintiffs are at risk of retaliatory physical or mental harm if their identities are revealed.

For these reasons, the second James factor weighs against anonymity.

### C.  The third James factor weighs against anonymity because Jane Does #1, #2, and #3 are adults who assert claims on their own behalf.

---

[6] Indeed, the only actions arguably directed at any of the Plaintiffs are the suggestion that hackers be recruited to shut down the P.A.C.T. website and the allegation that GoFundMe shut down P.A.C.T.'s fundraiser.  Plaintiff Mineo is affiliated with P.A.C.T. but Plaintiff Mineo's identity has already been disclosed and these allegations are irrelevant to the Doe Plaintiffs.

The third <u>James</u> factor considers the ages of the persons whose privacy interests are sought to be protected. <u>James</u>, 6 F.3d at 238. In support of this factor, Plaintiffs point to their children's status as minors, arguing that this is a "particularly compelling" and "especially persuasive" basis for granting anonymity. Dkt. 7-1 at 11. Plaintiffs further claim that if the adult Doe Plaintiffs are identified, that would necessarily reveal the identities of their children. <u>Id</u>. Plaintiffs' arguments fail for at least three reasons.

First, the identities of the minor Doe Plaintiffs can be protected in other ways, such as identifying them by their initials, as required by Rule 5.2(a)(3)[7], and by either redacting or sealing records related to the minor Plaintiffs when appropriate. Moreover, other than their bare assertion, Plaintiffs have not shown how revealing the adult's names inexorably leads to the disclosure of any of the minor Plaintiffs' sensitive information.

Second, while the Plaintiffs' children are allegedly minors, they are not very young children who are particularly vulnerable. Indeed, each of the minor Plaintiffs are either middle or high school students who are allegedly vocal about their views on controversial political issues. Menders Declaration ¶¶ 3, 10; Mineo Declaration ¶¶ 3, 10; Jane Doe #1 Declaration ¶¶ 3, 10; Jane Doe #2 Declaration ¶¶ 3, 10; Jane Doe #3 Declaration ¶¶ 3, 10. <u>Merten</u>, 219 F.R.D. at 393 (factor weighed against anonymity where three of five plaintiffs were adults and the two minors were "on the verge of adulthood").

Moreover, the mere status of a plaintiff as a minor is not a determinative factor, as Plaintiffs would have this court believe. Indeed, <u>Doe v. Stegall</u>, 653 F.2d 180 (5th Cir. 1981), on which Plaintiffs heavily rely, the court stated "we do not mean to imply that all civil rights suits

---

[7] Indeed, there would be no need for Rule 5.2(a)(3) if age alone was a sufficient basis on which to grant anonymity.

mounted in the name of children may be prosecuted anonymously."[8] <u>Stegall</u>, 653 F.3d at 186.

Similarly, while the court in <u>Doe ex rel Doe v. Elmbrook School Dist.</u>, 658 F.3d 710 (7th Cir.

2011) does state that the risk to children is "particularly compelling" as Plaintiffs write in their

brief, Dkt 7-1 at 11, this statement is in reference to the nature of the claims – an Establishment

Clause challenge to the practice of holding high school graduation in a Christian church – "has a

tendency to unreasonably inflame some individuals." <u>Id</u>. Thus it was the risk to the children that

is "particularly compelling," not the mere fact that a minor is involved, as Plaintiffs suggest.[9]

      Third, the adult Plaintiffs are asserting claims against the School Board in their own right,

not solely on behalf of their minor children. The adult Plaintiffs cannot piggyback on their

children's alleged vulnerability to remain anonymous. See <u>Al Otro Lado, Inc. v. Nielsen</u>, No. 17-

cv-02366-BAS-KSC, 2017 WL 6541446, at *5 n.5 (S.D. Cal. Dec. 20, 2017) ("Although a party

may point to harm faced by others in identifying the potential retaliatory harm faced by

disclosure of her true name, the vulnerability consideration concerns the particular party before

the court") (internal citation omitted); <u>Doe v. Santa Fe Independent School Dist.</u>, 933 F. Supp.

647, 652 (S.D. Tex. 1996) (granting anonymity to the minor plaintiffs and denying anonymity to

the adult plaintiffs although they were parents and siblings of the minor plaintiffs).

---

[8] In addition, unlike the present case, the parent in <u>Stegall</u> was not asserting any claims in her
own right.

[9] Other cases cited by Plaintiffs in their argument likewise fail to support their assertions. For
example, they also cite <u>Doe v. Vill. of Deerfield</u>, 819 F.3d 372, 377 (7th Cir. 2016) and <u>Doe v.
Blue Cross & Blue Shield United of Wisconsin</u>, 112 F.3d 869, 872 (7th Cir. 1997) in support of
their argument that the status of parties as minors supports anonymity. Neither of these cases,
however, involves a minor (or even the parent of one) seeking to remain anonymous (and in
neither case is anonymity even granted). Rather, <u>Village of Deerfield</u> involved an arrestee
seeking a criminal expungement and <u>Blue Cross</u> involved an attempt to protect an employee's
medical records.

For these reasons, the third <u>James</u> factor weighs definitively against anonymity for the Adult Doe Plaintiffs.  <u>See</u> <u>Pittsylvania Cty., Va.</u>, 844 F. Supp. 2d at 729.

### D. The fourth <u>James</u> factor, which Plaintiffs failed to address, weighs heavily against anonymity because the Defendant is a governmental entity.

The fourth <u>James</u> factor considers whether the action is against a governmental or private party.  When the action is against a private party, the courts are generally less likely to grant a plaintiff permission to proceed anonymously.  <u>Merten</u>, 219 F.R.D. at 394.  Where, as here, the action is against a government entity the Fourth Circuit has recognized an "especially compelling" public interest.  <u>Pub. Citizen</u>, 749 F.3d at 274-75 (reversing district court decision granting anonymity).

Because Plaintiffs have sued the School Board, a governmental entity, there is an "especially compelling" public interest that weighs against anonymity.  Accordingly, the fourth <u>James</u> factor tips heavily against Plaintiffs' request for anonymity.

### E. The fifth <u>James</u> factor, which Plaintiffs also failed to address, weighs against anonymity because the School Board does not know the identity of any of the Doe Plaintiffs.

The fifth <u>James</u> factor, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously weighs against anonymity because the School Board will be prejudiced if Plaintiffs are allowed to proceed anonymously.  Courts have held that "[w]here a plaintiff's identity is known to the defendant, and the motion to proceed under pseudonym is made for the purpose of concealing the plaintiff's identity only from the public, 'there is little risk of unfairness' to the defendant."  <u>A.D. v. Wyndham Hotels & Resorts, Inc.</u>, No. 4:19CV120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020), <u>order clarified,</u> No. 4:19CV120, 2020 WL 8639343 (E.D. Va. July 30, 2020) (citations omitted).  However, where, as here, the defendant does not know the plaintiffs' identity, there is significant unfairness to the

defendant because "an assessment of plaintiffs' standing to litigate these issues clearly does depend on their identity." Merten, 219 F.R.D. at 394. The School Board cannot explore and challenge the Doe Plaintiffs' standing without knowing their identities.[10] Accordingly, the fifth James factor weighs against anonymity.

## II.   Plaintiffs have not otherwise overcome the strong presumption of openness in judicial proceedings.

Plaintiffs incorrectly argue that, in addition to the James factors, there are other "various factors" that weigh in favor of allowing Plaintiffs to proceed anonymously. Dkt. 7-1 at 14-16. For the reasons set forth below, each of these arguments fail.

First, Plaintiff argues that there is an "atypically weak" public interest in Plaintiffs' identities being disclosed because their claims present "purely legal issues." Dkt. 7-1 at 14. This argument fails because Plaintiffs' complaint does not present purely legal issues, rather there are myriad factual issues in dispute. See Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, filed contemporaneously herewith.

Moreover, the cases Plaintiffs cite for this proposition are not controlling, they are distinguishable, and/or they do not stand for the proposition for which they are cited. Plaintiffs do not cite any controlling precedent for this argument, nor does it appear that the Fourth Circuit has ever held that whether a case presents a "purely legal" question is an appropriate consideration when anonymity is requested. Plaintiffs instead cite Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2nd Cir. 2008), in which the Second Circuit lists this

---

[10] Even if the Doe Plaintiffs were to reveal their identities to the School Board, they would still not be entitled to proceed anonymously because none of the other James factors weigh in their favor. Liberty Univ., 2019 WL 2518148, at *4 ("even assuming [the fifth James factor] weighs in favor of Plaintiff's ability to proceed anonymously, it would not outweigh the other four factors, which do not support Plaintiff's motion to proceed under pseudonym.")

consideration as a factor but, significantly, the court does not even consider this factor or apply it to the facts of that case. Plaintiffs next cite Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1072-73 (9th Cir. 2000) but in this case (which is also not controlling precedent), the court does not even discuss pure questions of law, much less consider this a factor in considering the plaintiffs' request for anonymity.

Second, Plaintiffs argue that "LCPS will not be 'prejudiced'" if they are allowed to proceed anonymously. Dkt 7-1 at 15. This consideration is undistinguishable from the fifth James factor discussed supra section I.E., not an independent factor to be given greater weight than the other James factors. Moreover, as demonstrated above, the School Board will be prejudiced if Plaintiffs are allowed to proceed anonymously.

Furthermore, the presence of Plaintiffs Menders and Mineo do not, as Plaintiffs claim, eliminate the prejudice to the School Board. Dkt 7-1 at 15. The cases Plaintiffs cite for this proposition, Alabama-Tombigbee Rivers Coalition v. Norton, 338 F.3d 1244 (11th Cir. 2003) and Mount Evans Co. v. Madigan, 14 F.3d 1444 (10th Cir. 1994) are, again, not controlling and are distinguishable. Both cases involve challenges brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 551 et seq. Alabama-Tombigbee, 338 F.3d at 1249; Mount Evans, 14 F.3d at 1448. The present case is not brought under the APA and, therefore, these cases provide no support for Plaintiffs' claims.[11] Moreover, despite Plaintiffs' baseless assertions to the contrary, neither Menders, nor Mineo have standing to bring any claims in their own right. See Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, filed contemporaneously herewith.

---

[11] Additionally, neither Alabama-Tombigbee nor Mount Evans address any issues of anonymity. These cases have no bearing whatsoever on Plaintiffs Motion to Proceed Anonymously.

Finally, Plaintiffs argue, without any support, that proceeding anonymously is the "least restrictive exception from disclosure to protect Plaintiffs' substantial need for privacy."  Dkt. 7-1 at 16.  This argument also fails because, as demonstrated above, supra section I.C., there are ample other mechanisms to protect the privacy of the minor Plaintiffs, including identifying them by initial as required by Rule 5.2(a)(3) and otherwise redacting or sealing documents if appropriate.  Indeed, the fact that Menders and Mineo have identified themselves by name and their children by their initials cuts against the Doe Plaintiffs' claimed need for anonymity.

In sum, none of the factors cited by Plaintiffs are sufficient to overcome "strong presumption of openness in judicial proceedings.  CFA Inst., 42 F. Supp. 3d at 806. Accordingly, the Doe Plaintiffs' request to remain anonymous must be denied.

## CONCLUSION

Considered as a whole, the circumstances of this case—as demonstrated by the James factors—do not support the conclusion that the Doe Plaintiffs' own privacy interests overcome the presumption of openness in judicial proceedings.  Accordingly, Plaintiffs' motion to proceed anonymously should be denied.

<div style="margin-left:50%">

Respectfully submitted,

LOUDOUN COUNTY SCHOOL BOARD,

By Counsel

</div>

/s/ Stacy L. Haney
Stacy L. Haney, Esq. (VSB 71054)
Andrew P. Selman, Esq. (VSB 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
Tel:    (804) 500-0301
Fax:    (804) 500-0309
shaney@haneyphinyo.com
aselman@haneyphinyo.com

Counsel for Loudoun County School Board

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2021, I have electronically filed the

foregoing using the CM/ECF system, which will automatically send email notification of such

filing to counsel of record as follows:

> Jeffrey D. Jennings
> Daniel R. Suhr
> Reilly Stephens
> Liberty Justice Center
> 208 South LaSalle Street, Suite 1690
> Chicago, IL 60603
> Tel: (312) 263-7668
> Fax: (312) 263-7702
> jjennings@libertyjusticecenter.org
> dsuhr@libertyjusticecenter.org
> rstephens@libertyjusticecenter.org

> /s/ Stacy L. Haney
> Stacy L. Haney, Esq. (VSB 71054)
> Andrew P. Selman, Esq. (VSB 91060)
> HANEY PHINYOWATTANACHIP PLLC
> 11 S. 12th Street, Suite 300C
> Richmond, VA 23219
> Tel:    (804) 500-0301
> Fax:    (804) 500-0309
> shaney@haneyphinyo.com
> aselman@haneyphinyo.com
>
> Counsel for Loudoun County School Board