IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexanrida Division

PATTI HIDALGO MENDERS; SCOTT
MINEO; AND JANE DOES #1, #2, AND #3,
ON BEHALD OF THEMSELVES AND
THEIR MINOR CHILDREN; R.M.; A.M.;
JANE DOES #4, #5, and #6; AND JOHN
DOES #1 AND #2,

   Plaintiffs,

v.                                                                 Case No. 1:21-cv-00669

LOUDOUN COUNTY SCHOOL BOARD,

   Defendants.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO CORRECTED
MOTION OF PLAINTIFFS FOR COURT TO JUDICAILLY NOTICE CERTAIN
FACTS IN SUPPORT OF THEIR MOTION TO PROCEED ANONYMOUSLY**

      Defendant Loudoun County School Board ("School Board"), by counsel and pursuant to Local Rule 7(F), submits this memorandum in opposition to the Corrected[1] Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of Their Motion to Proceed Anonymously ("Motion for Judicial Notice"). Dkt. 11. In opposition to Plaintiffs' Motion[2], the School Board states as follows.

## BACKGROUND

      Plaintiffs request that this Court take judicial notice of the contents of seventeen articles published on various websites, which articles Plaintiffs have relied upon in support of their

---

[1] Initially, Plaintiffs filed their Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of Their Motion to Proceed Anonymously, Dkt. 8 at 1, in which Plaintiffs inadvertently stated that the School Board did not oppose their motion. Plaintiffs corrected their error with the filing of the instant motion, Dkt. 11, which is opposed.

[2] Plaintiffs did not file any brief in support of their original or corrected Motion for Judicial Notice.

1

Motion to Proceed Anonymously.  See Dkt. 7-1.  The articles come from a variety of online sources including Fox News, The Daily Wire, the New York Post, the Washington Free Beacon, the New American, and others.  Id.

Plaintiffs offer these articles for the truth of what is reported therein.  See, generally, Dkt. 7-1.  In essence, Plaintiffs seek to prove their case through these articles rather than offering proof of the underlying facts.  This is not an appropriate use of judicial notice.  The actual facts can easily be established through School Board documents or testimony, as demonstrated by the Appendix filed by Plaintiffs, which includes Declarations and voluminous School Board records.  Dkt. 7-2.  Reliance on these articles, however, is an improper attempt by Plaintiffs to inject inflammatory, duplicative, and irrelevant commentary into the record of this case and the motion should be denied.

**ARGUMENT**

Rule 201 of the Federal Rules of Evidence provides that a court may take notice of an adjudicative fact "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

While there have been instances in which courts have taken judicial notice of news articles, the courts have also recognized that "[g]enerally, a news article cannot be judicially noticed for the truth of what is reported but can be judicially noticed for facts such that a fact was printed."  Bradacs v. Haley, 58 F. Supp. 3d 499, 512 (D. S.C. 2014); Collins v. Branch Banking & Trust Co., 2017 WL 741005, *3 n.3 (W.D. Va. 2017).  Indeed, in the sole case that Plaintiffs

cite in support of their motion United States v. Stavrakis, 2020 WL 6946596 (D. Md. 2020), Dkt. 11 at 1, the court takes judicial notice that "the coronavirus dominates the news."[3] Id. at *2.

Here, however, Plaintiffs offer various articles to establish the truth of what is reported therein, not for the fact that it was reported.  For example, Plaintiffs offer an article to establish that one Board member was removed from a committee, Dkt. 7-1 at 3, and another article to establish that there was a proposed policy that allegedly implicated teachers' First Amendment rights, Id. at 4-5.  They offer seven additional articles to establish that certain activity took place on a private Facebook group, Id. at 5-8, and three more articles to establish that GoFundMe shut down a fundraiser account for a group led by Plaintiff Mineo, Id. at 7.  None of these articles are offered to demonstrate that these things were being reported in the news, rather they are offered in an attempt to prove the truth of the matters reported.  This is not a proper use of Rule 201 and the motion should be denied.  Bradacs, 58 F. Supp. 3d at 512.

In addition, many of the "facts" asserted by Plaintiffs and referenced in these articles are irrelevant to this case generally or to their Motion to Proceed Anonymously specifically.  For example, the amount that the School Board has spent on diversity training, Dkt. 7-1 at 3, bears no relevance whatsoever to this case or to Plaintiffs' Motion to Proceed Anonymously.  Likewise, that a Board member was removed from a committee, id. at 3-4, 13-14, that the School Board considered a policy that allegedly implicated teachers' First Amendment rights, id. at 4-5, 13, that the Commonwealth's Attorney allegedly commented in the private Facebook group, id. at 8, or that one Board member allegedly proposed banning the Trump flag, id. at 14, have nothing to do with the claims asserted in Plaintiffs' Complaint – which relate solely to the

---

[3] Moreover, there is nothing to suggest that the contents of the news articles referenced in Stavrakis was disputed.

Student Equity Ambassadors and the bias reporting form – nor do they have anything to do with Plaintiffs' Motion to Proceed Anonymously. There is no proper purpose for injecting these irrelevant matters into the record. The inflammatory rhetoric needlessly repeated throughout Plaintiffs' court filings confirms that these articles serve no proper purpose.

## CONCLUSION

WHEREFORE, Defendant Loudoun County School Board respectfully requests that this Court deny Plaintiffs' Motion for Judicial Notice and grant it such further relief as the Court deems appropriate.

Respectfully submitted,

LOUDOUN COUNTY SCHOOL BOARD,

By Counsel

/s/ Stacy L. Haney
Stacy L. Haney, Esq. (VSB 71054)
Andrew P. Selman, Esq. (VSB 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
Tel:   (804) 500-0301
Fax:   (804) 500-0309
shaney@haneyphinyo.com
aselman@haneyphinyo.com

Counsel for Loudoun County School Board

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2021, I have electronically filed the foregoing using the CM/ECF system, which will automatically send email notification of such filing to counsel of record as follows:

>Jeffrey D. Jennings
>Daniel R. Suhr
>Reilly Stephens
>Liberty Justice Center
>208 South LaSalle Street, Suite 1690
>Chicago, IL 60603
>Tel: (312) 263-7668
>Fax: (312) 263-7702
>jjennings@libertyjusticecenter.org
>dsuhr@libertyjusticecenter.org
>rstephens@libertyjusticecenter.org

>/s/ Stacy L. Haney
>Stacy L. Haney, Esq. (VSB 71054)
>Andrew P. Selman, Esq. (VSB 91060)
>HANEY PHINYOWATTANACHIP PLLC
>11 S. 12th Street, Suite 300C
>Richmond, VA 23219
>Tel:   (804) 500-0301
>Fax:   (804) 500-0309
>shaney@haneyphinyo.com
>aselman@haneyphinyo.com
>
>Counsel for Loudoun County School Board