IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Patti Hidalgo Menders; Scott Mineo; and Jane Does #1, #2, and #3, on behalf of themselves and their minor children R.M.; A.M.; Jane Does #4, #5, and #6; and John Does #1 and #2.

    Plaintiffs,

v.

Loudoun County School Board,

    Defendant.

Case No. 1:21-cv-00669

**REPLY BRIEF OF PLAINTIFFS IN SUPPORT OF THEIR
MOTION FOR TAKING JUDICIAL NOTICE OF CERTAIN FACTS**

This case is at an early stage, before any discovery, document requests, depositions, or expert witnesses. But a motion to proceed anonymously must be heard at an early stage, as it is a necessary predicate to determine their anonymity or exposure before beginning any discovery. Because of that juxtaposition, Plaintiffs have moved this Court to judicially notice the contents of certain newspaper articles that all add up to one basic fact that is well known in the territorial jurisdiction of this Court: the battle over critical race theory in Loudoun County Public Schools has become absolutely toxic for the parents and children on the front lines of a very ugly fight. These news articles are all in support of that basic, obvious fact.

However, rather than simply footnoting the articles in their motion to proceed anonymously, Plaintiffs have asked the Court to take judicial notice of them, in order to ensure that the Court can feel comfortable it is deciding the motion on an actual record. This is appropriate and has been done many times before by other courts.

First, it is an entirely appropriate use of Federal Rule of Evidence 201 to take judicial notice of the truth of underlying facts reported in newspapers and not merely the existence of the newspaper reports themselves. The two district court decisions relied on by Defendants are far outnumbered by circuit court decisions permitting or approving or taking judicial notice of facts reported in newspapers. *Compare* ECF-16 at 2 (citing *Bradacs v. Haley*, 58 F. Supp. 3d 499, 512 (D.S.C. 2014) and *Collins v. Branch Banking & Trust Co.*, 2017 WL 741005, at *3 n.3 (W.D. Va. 2017)) *with Logan v. Denny's*, 259 F.3d 558, 587 (6th Cir. 2001) (taking judicial notice of facts reported in an article in industry newspaper); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) ("We take judicial notice under Federal Rule of Evidence 210(f) of an article in the New York Times of July 13, 2000[.]"); *United States v. Callum*, No. 96-50044, 1997 U.S. App. LEXIS 4047, at *6 (9th Cir. Feb. 28, 1997) ("It is true that a court may take judicial notice

of information in newspaper articles."); *Crowder v. Kitagawa*, 81 F.3d 1480, 1492 (9th Cir. 1996) (O'Scannlain, J., dissenting) ("This court may take judicial notice of adjudicative facts appearing in newspapers."); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995) ("Ritter also argues that the district court improperly took judicial notice of widespread layoffs at Hughes based on a newspaper article. This is a fact which would be generally known in Southern California and which would be capable of sufficiently accurate and ready determination."); *Wilson v. Schwarz*, No. 96-3264, 1996 U.S. App. LEXIS 27561, at *4 (6th Cir. Oct. 21, 1996) ("the magistrate judge did not act improperly by taking judicial notice of newspaper articles..."); *Dockray v. Phelps Dodge Corp.*, 801 F.2d 1149, 1157 n.3 (9th Cir. 1986); *see Wash. Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) ("judicial notice of facts generally known as a result of newspaper articles," describing holding of *Agee v. Muskie*, 629 F.2d 80, 81 n.1, 90 (D.C. Cir. 1980)).

Numerous district courts are in accord.[1] So are academic authorities. 1 Weinstein's Federal Evidence § 201.11 [2] ("Facts reported in a newspaper are often accepted as generally

---

[1] *See, e.g., Scully v. Allegheny Ludlum Corp.*, Civil Action No. 03-1852, 2006 U.S. Dist. LEXIS 105589, at *26 (W.D. Pa. Feb. 10, 2006) (facts in article in daily newspaper); *Baumgartner v. Murman*, No. 1:02 CV 1911, 2003 U.S. Dist. LEXIS 26318, at *24 n.1 (N.D. Ohio Jan. 31, 2003) ("the court also takes judicial notice of certain facts reported in several newspaper articles filed . . . Judicial notice of these facts is appropriate as each is subject to accurate and ready determination."); *Great Am. Duck Races Inc. v. Kangaroo Mfg.*, 398 F. Supp. 3d 494, 509 n.4 (D. Ariz. 2019) (taking judicial notice of CNN.com article); *Astre v. McQuaid*, No. 3:18-cv-00138-WHO, 2018 U.S. Dist. LEXIS 82837, at *15 (N.D. Cal. May 15, 2018) ("It may also include subjects reported in the news media if they are "generally known within the territorial jurisdiction" or "capable of sufficiently accurate and ready determination.""); *Associated Gen. Contractors of Am. v. City of Columbus*, 936 F. Supp. 1363, 1425 (S.D. Ohio 1996), *vacated on other grounds,* 172 F.3d 411 (6th Cir. 1999) ("The court has determined that it will take judicial notice of the newspaper articles attached to the notice of June 6, 1996. The facts reported therein, insofar as they relate to the participation of M/FBE firms in recent large construction projects, are generally known in the community and capable of accurate and ready determination."); *Vrakas v. U.S. Steel Corp.*, Civil Action No. 17-579, 2018 U.S. Dist. LEXIS 168561, at *14 (W.D. Pa. Sep. 29, 2018) ("newspaper articles for the truth of generally known facts"); *Caner v.*

known."); Erin Godwin, *Comment: Judicial Notice and the Internet*, 46 Cumb. L. Rev. 219, 233 (2016).[2] Though no court should excuse a party from bearing its evidentiary burdens, neither should a court have a blanket rule that a party cannot make its case by referencing facts reported by reputable news outlets, especially at an early stage in the litigation when other evidence is not yet developed.

Second, the Board has not questioned the accuracy of any of the facts asserted or the reliability of any of the news sources cited. "[A]s a general proposition, there is no value 'in complaining that someone found information on the Internet absent some persuasive evidence that the information itself is false or otherwise tainted.'" William J. Cantrell, *Taking Judicial Notice in the Internet Age*, ABA: LITIG. NEWS (May 25, 2010)[3] (quoting Dori Ann Hanswirth, cochair of the ABA Litigation Section's Trial Practice Committee).

Under Rule 201, judicial notice is appropriate when the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Board has not raised any question as to the accuracy of these news sources or stated that it is difficult for the Board to verify the accuracy of the information in these news reports. The Board complains that the articles contain "inflammatory, duplicative, and irrelevant commentary," ECF-16 at 2, but does not suggest that the facts themselves are wrong or that their sources are unreliable. And the Plaintiffs do not rely on the articles for their commentary, they

---

*Autry*, 16 F. Supp. 3d 689, 716 n.7 (W.D. Va. 2014) ("Courts frequently take notice of adjudicative facts from newspapers").
[2] "Before the Internet, courts regularly took judicial notice of facts from dictionaries, encyclopedias, commercial directories, government records, public records, maps, almanacs, publications, and newspapers. These sources were considered unquestionably accurate. Accordingly, courts have held that the Internet equivalents of these sources (online maps, financial websites, online almanacs, and online news publications) are also sufficient for judicial notice."
[3] Available at https://apps.americanbar.org/litigation/litigationnews/top_stories/052510-judicial-notice-internet-second-circuit.html [https://perma.cc/XE82-VX2R].

rely on them for certain facts. Some of these facts are readily verifiable from Board's own records (for instance, the removal of a school board member from a committee), and some are only available from newspapers because they are not readily available otherwise (Plaintiffs are not members of the Anti-Racist Parents Facebook group organizing to destroy the livelihoods and reputations of them and their children).

The Board closes its response by asserting that the facts in the newspaper reports are irrelevant to the motion to proceed anonymously. If that is so, then the Board should show why it is so in its response on the motion to proceed anonymously. Whether the facts asserted are relevant is for the Court to decide primarily on the motion to proceed anonymously; whether they are relevant has little bearing on whether they are known within this Court's territory or whether they come from reputable news sources.

In short, judicial notice of the truth of facts contained in newspaper articles is entirely appropriate and often taken. Here, Plaintiffs have offered this motion as a reasonable alternative given the early stage of this litigation. The Board has not actually opposed their motion based on the text of Rule 201 by contesting their accuracy or accessibility or the reliability of the news outlets that reported them. Instead, the Board has said that the articles contain inflammatory rhetoric and irrelevant information. The Court should grant the motion and permit the Plaintiffs to make their case for the underlying merits of the motion to proceed anonymously.

        Respectfully Submitted,

        /s/ Jeffrey D. Jennings
        Jeffrey D. Jennings (VSB No. 87667)
        Daniel R. Suhr (*Pro Hac Vice*)
        Liberty Justice Center
        208 South LaSalle Street, Suite 1690
        Chicago, Illinois 60603
        Telephone (312) 263-7668
        jjennings@libertyjusticecenter.org

5

dsuhr@libertyjusticecenter.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, a copy of the foregoing was filed with this Court's electronic filing system, which will serve a copy on all the parties.

DATED: July 23, 2021                              /s/ Jeffrey D. Jennings
                                                  Jeffrey D. Jennings (VSB No. 87667)
                                                  Liberty Justice Center
                                                  208 South LaSalle Street, Suite 1690
                                                  Chicago, Illinois 60603
                                                  Telephone (312) 263-7668
                                                  Facsimile (312) 263-7702
                                                  jjennings@libertyjusticecenter.org

                                                  *Attorneys for Plaintiffs*