UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PATTI H. MENDERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LOUDOUN COUNTY SCHOOL BOARD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-cv-669 (AJT/TCB) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

This matter comes before the Court on Plaintiffs Patti H. Menders, Scott Mineo, Jane Doe #1, Jane Doe #2, and Jane Doe #3's ("Plaintiffs") Motion to Proceed Anonymously (Dkt. 7) and Corrected Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of their Motion to Proceed Anonymously (Dkt. 11).[1] Both motions have been fully briefed.[2] Finding oral argument unnecessary, the Court determines that Plaintiffs' motions should be granted.

I.   BACKGROUND

Plaintiffs are parents of children enrolled in Loudoun County schools suing Defendant Loudoun County School Board ("Defendant") on behalf of themselves and their minor children. Specifically, Plaintiffs challenge Defendant's Action Plan to Combat Systemic Racism, which provides for the creation of a Student Equity Ambassador Program designed to identify incidents

---

[1] Plaintiffs originally filed their Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of their Motion to Proceed Anonymously (Dkt. 8) and then filed a corrected version (Dkt. 11). The original motion is now moot and replaced with the corrected version.
[2] Defendant Loudoun County School Board filed oppositions to Plaintiffs' motions on July 16, 2021. (Dkts. 15, 16.) Plaintiffs filed reply briefs on July 23, 2021. (Dkts. 18, 19.)

of racial bias. Plaintiffs allege this program violates their Fourteenth Amendment right to equal protection and First Amendment right to freedom of speech.

## II. ANALYSIS

Plaintiffs request to proceed anonymously to protect themselves and their schoolchildren from harassment and retaliation. In support of this request, Plaintiffs cite a myriad of news articles from sources ranging from Fox News to the New York Post, which they argue the Court should judicially notice as evidence of the politically charged nature of this dispute.

Federal Rule of Evidence 201(b) allows a court to judicially notice facts that are not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Typically, "a news article cannot be judicially noticed for the truth of what is reported, but can be judicially noticed for facts such that a fact was printed…or such that a collection of numerous articles to show that a fact is widely known." *Bradacs v. Haley*, 58 F. Supp. 3d 499, 511 (D. S.C. 2014) (internal citations omitted).

It is well-established that the public has a right to know the identities of the parties in a lawsuit. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This notion, however, "operates only as a presumption and not as an absolute, unreviewable license to deny [a request to proceed anonymously]." *James*, 6 F.3d at 238. Rather, courts, in their discretion, may determine "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." *Id.* Moreover, the Fourth Circuit has identified the following factors that the Court should consider when determining whether to permit a party to proceed anonymously:

1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
3. The ages of the persons whose privacy interests are sought to be protected;
4. Whether the action is against a governmental or private party; and
5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* These non-exhaustive factors are meant only to guide a court's review and the Court need not address every factor in making its determination. *See Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 728-29 (W.D. Va. 2012); *Doe v. Merten, et al.*, 219 F.R.D. 387, 396 (E.D. Va. 2004).

Considering the above standards, the Court takes judicial notice of the news articles and finds that Plaintiffs may proceed anonymously in this case. The facts alleged by Plaintiffs and those in the various news articles they cite may or may not be accurate. Regardless, the Court takes judicial notice of the articles at this point because it is abundantly evident that the issues in this case are a matter of highly charged political debate. The extreme emotions on both sides of this debate make likely the risk of ridicule and mental or physical harm to the parents in this suit – but more concerning – to their minor children.

Although parents' names may not always be protected in similar politically charged cases, in this instance, publishing their names will automatically lead to identification of their children's identities. Defendant's argument that Plaintiffs' children "are not very young children" is not compelling. (Dkt. 15 at 8.) The fact that children are in middle school or high school does not change the fact that they are minors.

Finally, there is little risk of unfairness to Defendant in allowing Plaintiff to proceed anonymously. Defendant knows Plaintiffs are parents of children in their schools. If Defendant believes in good faith that it needs to dispute whether Plaintiffs have standing, they can address

3

that in a separate motion, which the court will determine without disclosing Plaintiffs' identities.

### III.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' Motion to Proceed Anonymously (Dkt. 7) is **GRANTED**; it is further

**ORDERED** that the Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of their Motion to Proceed Anonymously (Dkt. 8) is **DENIED AS MOOT**; it is further

**ORDERED** that Plaintiffs' Corrected Motion of Plaintiffs for Court to Judicially Notice Certain Facts in Support of their Motion to Proceed Anonymously (Dkt. 11) is **GRANTED**; and it is further

**ORDERED** that the hearing set for Friday, July 30, 2021 at 9:30 a.m. is **CANCELLED**.

ENTERED this 28th day of July, 2021.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia