IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexanrida Division

PATTI HIDALGO MENDERS; SCOTT
MINEO; AND JANE DOES #1, #2, AND #3,
ON BEHALF OF THEMSELVES AND
THEIR MINOR CHILDREN; R.M.; A.M.;
JANE DOES #4, #5, and #6; AND JOHN
DOES #1 AND #2,

    Plaintiffs,

v.                                        Case No. 1:21-cv-00669

LOUDOUN COUNTY SCHOOL BOARD,

    Defendants.

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Loudoun County School Board ("School Board"), by counsel, and for its

response to the Plaintiff's Complaint, states as follows.

## AFFIRMATIVE DEFENSES

1.      The Court lacks subject matter jurisdiction over the claims asserted in the

Complaint.

2.      The Plaintiffs lack standing to assert any claims against the Defendant.

3.      The Complaint fails to state a claim for which relief can be granted.

4.      The Plaintiffs are not entitled to any of the relief they seek.

## ANSWER

1.      The allegations in paragraph 1 of the Complaint are not allegations of fact

requiring a response and the decision of the U.S. Supreme Court in West Virginia State Board of

Education v. Barnette, 319 U.S. 642 (1943) speaks for itself and Defendant denies Plaintiffs'

characterization thereof.

1

2.       The allegations in paragraph 2 of the Complaint are denied.

3.       The allegations in the first, second, third, and fourth sentences of paragraph 3 are denied.  The allegations in the fifth and sixth sentences of paragraph 3 are not factual allegations requiring a response.  To the extent a response is required, the allegations are denied.

4.       The allegations in paragraph 4 are admitted.

5.       The allegations in paragraph 5 are admitted.

6.       The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, those allegations are denied.

7.       The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, those allegations are denied.

8.       The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, those allegations are denied.

9.       With regard to the allegations in paragraph 9, the Defendant states that the Loudoun County School Board is a political subdivision of the Commonwealth of Virginia vested with the authority to supervise the public schools in Loudoun County, Virginia and its administrative office is located at 21000 Education Court, Ashburn, VA, 20148. The School Board's authority includes the authority to adopt policies. Any allegations not expressly admitted are denied.

10.      The allegations in paragraph 10 of the Complaint are not allegations of fact requiring a response.  To the extent a response is required, the allegations are denied.

11.     The allegations in paragraph 11 of the Complaint are not factual allegations requiring a response.  The Defendant states further that it does not contend that venue is improper in this matter.

12.     With regard to the allegations in paragraph 12, the Defendant admits that Plaintiffs Menders and Mineo are parents of children who attend LCPS.  The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, those allegations are denied.

13.     With regard to the allegations in the first sentence of paragraph 13, the Defendant admits that Plaintiff Menders is the parent of a high school student, RM, but denies that any policy of the School Board is challenged or implicated in this case.  The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in the second sentence of paragraph 13 and, therefore, those allegations are denied.

14.     With regard to the allegations in the first sentence of paragraph 14, the Defendant admits that Plaintiff Mineo is the parent of a high school student, AM, but denies that any policy of the School Board is challenged or implicated in this case.  The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in the second sentence of paragraph 14 and, therefore, those allegations are denied.

15.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in the second sentence of paragraph 15 and, therefore, those allegations are denied.

16.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in the second sentence of paragraph 16 and, therefore, those allegations are denied.

17.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in the second sentence of paragraph 17 and, therefore, those allegations are denied.

18.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in the second sentence of paragraph 18 and, therefore, those allegations are denied.

19.     With regard to the allegations in paragraph 19, the Defendant admits that Plaintiffs Menders and Mineo currently enroll their children in LCPS.  The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the remaining allegations in paragraph 19 and, therefore, those allegations are denied.

20.     With regard to the allegations in paragraph 20, the Defendant states that the Loudoun County School Board is a political subdivision of the Commonwealth of Virginia vested with the authority to supervise the public schools in Loudoun County, Virginia.

21.     The allegations in paragraph 21 are admitted, with the exception that LCPS currently operates 18 High Schools and 60 Elementary Schools.

22.     With regard to the allegations in paragraph 22, the Defendant admits that LCPS administration published a draft document titled "Action Plan to Combat Systemic Racism," which document speaks for itself and Defendant denies Plaintiffs' characterization thereof.

23.     With regard to the allegations in paragraph 23, the Defendant states that the Action Plan speaks for itself and denies Plaintiffs' characterization thereof.

24.     The allegations in paragraph 24 are admitted.

25.     The allegations in paragraph 25 are admitted.  The Defendant states further that the Share, Speak Up, Speak Out meetings occur 4 or 5 times per year.

26.     With regard to the allegations in paragraph 26, the Defendant states that the Student Equity Ambassador Information Packet speaks for itself and denies Plaintiffs' characterization thereof.  Defendant states further that the referenced Packet was an early draft version.

27.     With regard to the allegations in paragraph 27, the Defendant states that the Student Equity Ambassador Information Packet speaks for itself and denies Plaintiffs' characterization thereof.  Defendant states further that the referenced Packet was an early draft version.

28.     With regard to the allegations in paragraph 28, the Defendant states that the Student Equity Ambassador Information Packet, including the FAQ section, speaks for itself and denies Plaintiffs' characterization thereof.  Defendant states further that the referenced Packet was an early draft version.

29.     With regard to the allegations in paragraph 29, the Defendant states that the Student Equity Ambassador Information Packet, including the FAQ section, speaks for itself and denies Plaintiffs' characterization thereof.  Defendant states further that the referenced Packet was an early draft version.

30.     With regard to the allegations in paragraph 30, the Defendant states that the Student Equity Ambassador Information Packet, including the flyer accompanying the FAQ section, speaks for itself and denies Plaintiffs' characterization thereof.  Defendant states further that the referenced Packet was an early draft version.

31.     The allegations in paragraph 31 are denied.

32.     With regard to the allegations in paragraph 32, Defendants state that on Tuesday, October 27, 2020, in advance of the School Board meeting scheduled for that evening, the

updated documents describing the SEA program were uploaded to BoardDocs.  Any allegations

not expressly admitted are denied.

33.     With regard to the allegations in paragraph 33, the Defendant states that the

revised document speaks for itself and denies Plaintiffs' characterization thereof.

34.     With regard to the allegations in paragraph 34, the Defendant states that the

emails speak for themselves and denies Plaintiffs' characterization thereof.

35.     With regard to the allegations in paragraph 35, the Defendant states that the

emails speak for themselves and denies Plaintiffs' characterization thereof.

36.     With regard to the allegations in the first sentence of paragraph 36, the Defendant

state that the Bias Reporting Form speaks for itself and deny Plaintiffs' characterization thereof.

The Defendants state further that the form identifies what constitutes a bias incident and sets

forth eight categories of bias incidents that students may report on the form.  Any allegations not

admitted are denied.  The allegations in the second sentence of paragraph 36 are denied.

37.     With regard to the allegations in paragraph 37, the Defendant states that the

revised document and flyer and letter to parents speak for themselves and denies Plaintiffs'

characterization thereof.

38.     The allegations in paragraph 38 are denied.

39.     With regard to the allegations in paragraph 39, Defendants admit that the Share,

Speak Up, Speak Out meetings only occur 4 or 5 times per year.  The remaining allegations in

paragraph 39 are denied.

40.     With regard to the allegations in the first sentence of paragraph 40, the Defendant

admits that the LCPS Equity Office created an online form titled "Share, Speak up, Speak out:

Bias reporting Form" to allow students to anonymously share their experiences regarding issues

of racism, injustice, and inequity" but denies that the Equity Office distributed the form to parents and students.  With regard to the allegations in the second sentence of paragraph 40, Defendants admit that the information reported via this online form is used in the Share, Speak Up, Speak Out meetings with the Student Equity Ambassadors.  Any allegations not expressly admitted are denied.

41.     With regard to the allegations in the first sentence of paragraph 41, the Defendant admits that LCPS staff will refer a reported bias incident for possible investigation only if the student submitting the form provides his or her name and indicates on the form that they would like the matter to be reported to their school and denies the remaining allegations.   With regard to the allegations in the second sentence of paragraph 41, the Defendant states that the "slide deck on the Action Plan to Combat Racism" speaks for itself and denies Plaintiffs' characterization thereof.

42.     With regard to the allegations in paragraph 42, the Defendant states that the form speaks for itself and denies Plaintiffs' characterization thereof.

43.     With regard to the allegations in paragraph 43, the School Board states that it was reported in the Dominion High School online student newspaper that one "equity lead" stated that SEAs "will work to identify microaggressions" and denies the remaining allegations.

44.     With regard to the allegations in paragraph 44, the Defendant states that the presentation speaks for itself and denies Plaintiffs' characterization thereof.

45.     With regard to the allegations in paragraph 45, the Defendant states that the presentation speaks for itself and denies Plaintiffs' characterization thereof.

46.     With regard to the allegations in paragraph 46, the Defendant states that the presentation and slide shared therein speak for themselves and denies Plaintiffs' characterization thereof.

47.     With regard to the allegations in paragraph 47, the Defendants admit that the form does not explicitly limit reports to on campus activities but state further that in communications about the form, the Equity Office has stated that the purpose of the form is to allow students to share stories of bias experienced within LCPS.

48.     The allegations in paragraph 48 are denied.

49.     With regard to the allegations in the first sentence of paragraph 49, the Defendant admits that it has adopted Policy 8250, which addresses bullying and cyberbullying. With regard to the allegations in the second and third sentences of paragraph 49, the Defendants states that the Action Plan speaks for itself and denies Plaintiffs' characterization thereof.  The allegations in the fourth sentence of paragraph 49 are denied.  The Defendant states further that the bias reporting system is entirely separate from student discipline and the Equity Office has no, authority to discipline any students on the basis of bias reporting forms or otherwise.

50.     With regard to the allegations in paragraph 50, the Defendant states that the presentation speaks for itself and denies Plaintiffs' characterization thereof.

51.     With regard to the allegations in paragraph 51, the Defendant states that the letter to parents speaks for itself and denies Plaintiffs' characterization thereof.

52.     The allegations in paragraph 52 are denied.

53.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, those allegations are denied.

54.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and, therefore, those allegations are denied.

55.     The Defendant lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and, therefore, those allegations are denied.  The Defendant states further that, to the extent that Plaintiffs have such concerns or fears, those concerns or fears are not reasonable or well-founded because a bias report is anonymous, identifying information is never shared with Student Equity Ambassadors, and cannot form the basis of any disciplinary action.

56.     The allegations in the first sentence of paragraph 56 are admitted.  The remaining allegations are denied.

57.     The allegations in paragraph 57 are not allegations of fact requiring a response. To the extent a response is require, Defendant incorporates and re-asserts fully herein its responses to paragraphs 1-56.

58.     The allegations in paragraph 58 are not allegations of fact requiring a response and the decision of the U.S. Supreme Court in the cases referenced therein speak for themselves and Defendant denies Plaintiffs' characterization thereof.

59.     The allegations in paragraph 59 are not allegations of fact requiring a response.

60.     The allegations in paragraph 60 are not allegations of fact requiring a response and the decision of the U.S. Supreme Court in the case referenced therein speaks for itself and Defendant denies Plaintiffs' characterization thereof.

61.     With regard to the allegations in paragraph 61, the Defendant denies that any School Board policy is implicated in this case.

62.     The allegations in paragraph 62 are denied.

63.     The allegations in paragraph 63 are denied.

64.     The allegations in paragraph 64 are denied.

65.     The allegations in paragraph 65 are denied.

66.     The allegations in paragraph 66 are denied.

67.     The allegations in paragraph 67 are denied.

68.     The allegations in paragraph 68 are denied.

69.     The allegations in paragraph 69 are denied.

70.     The allegations in paragraph 70 are denied.

71.     The allegations in paragraph 71 are not allegations of fact requiring a response. To the extent a response is require, Defendant incorporates and re-asserts fully herein its responses to paragraphs 1-70.

72.     The allegations in paragraph 72 are not allegations of fact requiring a response and the decision of the U.S. Supreme Court and Supreme Court of Virginia in the cases referenced therein speak for themselves and Defendant denies Plaintiffs' characterization thereof.

73.     With regard to the allegations in paragraph 73, the Defendant denies that any School Board policy is implicated in this case.

74.     The allegations in paragraph 74 are admitted

75.     The allegations in paragraph 75 are denied.

76.     The allegations in paragraph 76 are denied.

77.     The allegations in paragraph 77 are denied.

78.     The allegations in paragraph 78 are denied.

79.     The allegations in paragraph 79 are denied.

80.     The allegations in paragraph 80 are denied.

81.     The allegations in paragraph 81 are not allegations of fact requiring a response.
To the extent a response is require, Defendant incorporates and re-asserts fully herein its
responses to paragraphs 1-80.

82.     The allegations in paragraph 82 are not allegations of fact requiring a response
and the decision of the U.S. Supreme Court in the case referenced therein speaks for itself and
Defendant denies Plaintiffs' characterization thereof.

83.     The allegations in paragraph 83 are not allegations of fact requiring a response
and the decision of the court in the case referenced therein speaks for itself and Defendant denies
Plaintiffs' characterization thereof.

84.     The allegations in paragraph 84 are not allegations of fact requiring a response.

85.     With regard to the allegations in paragraph 85, the Defendant denies that any
School Board policy is implicated in this case.

86.     The allegations in paragraph 86 are denied.

87.     The allegations in paragraph 87 are denied.

88.     The allegations in paragraph 88 are denied.

89.     The allegations in paragraph 89 are denied.

90.     The allegations in paragraph 90 are denied.

91.     The allegations in paragraph 91 are denied.

92.     In response to Plaintiffs' prayer for relief in the unnumbered paragraph on page
19 of the Complaint and containing items (a) through (h), the Defendant denies that Plaintiffs are

entitled to any of the relief they seek.  The Defendant further denies that Plaintiffs are entitled to any relief under any theory of recovery.

93.    Any allegations in the Complaint that are not expressly admitted are denied.

Respectfully submitted,

LOUDOUN COUNTY SCHOOL BOARD,

By Counsel

/s/ Stacy L. Haney
Stacy L. Haney, Esq. (VSB 71054)
Andrew P. Selman, Esq. (VSB 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 100CB
Richmond, VA 23219
Tel:    (804) 500-0301
Fax:    (804) 500-0309
shaney@haneyphinyo.com
aselman@haneyphinyo.com

Counsel for Loudoun County School Board

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2021, I have electronically filed the

foregoing using the CM/ECF system, which will automatically send email notification of such

filing to counsel of record as follows:

> Jeffrey D. Jennings
> Daniel R. Suhr
> Reilly Stephens
> Liberty Justice Center
> 208 South LaSalle Street, Suite 1690
> Chicago, IL 60603
> Tel: (312) 263-7668
> Fax: (312) 263-7702
> jjennings@libertyjusticecenter.org
> dsuhr@libertyjusticecenter.org
> rstephens@libertyjusticecenter.org

> /s/ Stacy L. Haney
> Stacy L. Haney, Esq. (VSB 71054)
> Andrew P. Selman, Esq. (VSB 91060)
> HANEY PHINYOWATTANACHIP PLLC
> 11 S. 12th Street, Suite 100B
> Richmond, VA 23219
> Tel:  (804) 500-0301
> Fax:  (804) 500-0309
> shaney@haneyphinyo.com
> aselman@haneyphinyo.com
>
> Counsel for Loudoun County School Board