UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PATTI H. MENDERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-669-AJT-TCB |
| | ) | |
| LOUDOUN COUNTY SCHOOL BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LOUDOUN COUNTY SCHOOL BOARD'S
POSITION CONCERNING WHAT ISSUES REMAIN TO BE DECIDED IN THIS CASE**

Defendant Loudoun County School Board ("School Board"), by counsel, states as follows as its respective position concerning what issues remain to be decided in this case.

**PROCEDURAL HISTORY**

In their First Amended Complaint [ECF No. 30], Plaintiffs Patti Hidalgo Menders, Scott Mineo, and Jane Doe #2 (collectively, "Plaintiffs") asserted five separate counts on behalf of their minor children.[1] Counts I, II, and III, which related to the School Board's Student Equity Ambassador program, have been dismissed [ECF No. 65].

The two claims remaining before the Court—Counts IV and V—relate to the School Board's use of a bias reporting form. Specifically, Plaintiffs claim that the bias reporting form violates the First and Fourteenth Amendments because it chills speech through content-based speech restrictions (Count IV) and through viewpoint discrimination (Count V). Plaintiffs seek declaratory and injunctive relief as well as nominal damages and attorney's fees pursuant to

---

[1] Plaintiffs Jane Doe #1 and #3 voluntarily dismissed their individual actions against the School Board [ECF No. 49].

1

42 U.S.C. § 1988 [ECF No. 30, ¶¶ 107, 112]. The Court has requested that the parties file their respective positions regarding what issues remain to be decided in this case [ECF No. 65].

The School Board's position is that Plaintiffs' surviving claims, insofar as they seek injunctive and declaratory relief, are moot and should be dismissed. See, e.g., McLean v. City of Alexandria, 106 F. Supp. 3d 736, 738 (E.D. Va. 2015) (dismissing a request for injunctive relief to a repealed ordinance as moot). Therefore, all that remains to be decided in this case is Plaintiffs' request for nominal damages and attorney's fees.

**ARGUMENT**

**I. Plaintiffs' claims for declaratory and injunctive relief are moot.**

"[R]easonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs." Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990). Litigation is mooted "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). A plaintiff's legally cognizable interest in injunctive or declaratory relief is not present if the relief ordered would have no practical impact on the plaintiff's rights, and would not redress the injuries originally asserted. See Incumaa, 507 F.3d at 287 (concluding that an inmate removed from the environment in which he was subjected to a challenged policy, absent a claim for damages, no longer had any legally cognizable interest in declaratory or injunctive relief). Furthermore, and as a general matter, requests for injunctive and declaratory relief against a school board related to its policies are mooted by the graduation of plaintiff students. See, e.g., Board of School Comm'rs v. Jacobs, 420 U.S. 128, 129 (1975) (concluding that "it seems clear that a case or

controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules at issue").

The bias reporting form that forms the basis of Counts IV and V was discontinued in the summer of 2021, and was never replaced. See Declaration of Lottie Spurlock, ¶¶ 9-10, 12 [ECF No. 68–1] ("Spurlock Decl."). No other mechanism in furtherance of creating a bias reporting system has been contemplated or effectuated since that time. Spurlock Decl., ¶¶ 12-13 In sum, none of the Plaintiffs have any cognizable interest in pursuing an injunction to enjoin the School Board from utilizing a bias reporting form that it is not currently using, has not used for two years, and has no plans or intentions of using in the future.

Moreover, RM and AM, the children of Plaintiffs Menders and Mineo, respectively, have graduated and are no longer enrolled in LCPS [ECF No. 70, ¶¶ 4–5], and, therefore, they have no cognizable interest in receiving declaratory or injunctive relief related to the now-defunct bias reporting form for this additional reason.[2]

## II. The Exceptions to Mootness Doctrine are not Applicable to Plaintiffs' Claims for Declaratory and Injunctive Relief.

Notwithstanding the absence of a live case or controversy, "there are two closely related exceptions to the mootness doctrine . . ." Sears v. Hibbs, No. 2:21-cv-158, 2022 U.S. Dist. LEXIS 88162, *8 n.8 (E.D. Va. May 16, 2022). These exceptions are the voluntary cessation exception, and the "capable of repetition, yet evading review," exception. Id. For the reasons set forth below, neither exception is applicable to Plaintiffs' claims for declaratory and injunctive relief.

---

[2] The identities of the only other remaining Plaintiff, Jane Doe #2 and her daughter, Jane Doe # 5, are unknown to the School Board and, therefore, the School Board is unable to verify if Jane Doe # 5 continues to be enrolled in LCPS. To the extent that Jane Doe # 5 is no longer enrolled in LCPS, she lacks a cognizable interest in receiving declaratory and injunctive relief for this additional reason, as well.

## A. **The Voluntary Cessation Exception Does Not Apply.**

The first exception to the mootness doctrine holds that, "a civil action does not become moot when a defendant voluntarily ceases its allegedly improper behavior." Lighthouse Fellowship Church v. Northam, 20 F.4th 157, 162 (4th Cir. 2021). However, the voluntary cessation doctrine "does not apply where 'there is no reasonable expectation that the wrong will be repeated.'" Incumaa, 507 F.3d at 288 (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)). Moreover, when voluntary cessation occurs "because of changed circumstances, 'not with the aim of avoiding judgment in court,'" the voluntary cessation exception is inapplicable. Lighthouse Fellowship Church, 20 F.4th at 164 (citing American Federation of Government Employees v. Office of Special Counsel, 1 F.4th 180, 188 (4th Cir. 2021)). A voluntary cessation exception may not exist if there is "no whiff of any of the opportunism . . . that typically supports invocations" of the exception. Id. (citing American Federation of Government Employees, 1 F.4th at 188)).

Related specifically to voluntary cessation of governmental policies, the Fourth Circuit "has held that a governmental entity's change of policy renders a challenge moot when it 'has not asserted its right to enforce [the challenged policy] at any future time.'" Speech First, Inc. v. Sands, No. 7:21-cv-00203, 2021 U.S. Dist. LEXIS 181057, *59 (W.D. Va. Sep. 21, 2021) (quoting Telco Commc'ns, Inc. v. Carbaugh, 885 F.2d 1225, 1231 (4th Cir. 1989)). The "merely theoretical possibility" that a governmental entity "could decide to revisit the policy at some remote point in the future without any evidence of an intention to do so—is not enough to survive a mootness challenge." Speech First, 2021 U.S. Dist. LEXIS 181057, at *59 (quoting Speech First, Inc. v. Killeen, 968 F.3d 628, 647 (7th Cir. 2020)).

LCPS discontinued all use of the bias reporting form in summer of 2021, after the Office of Equity determined that the bias reporting form was not effective to achieve its purpose—to identify issues and generate discussion points for the "Share, Speak Up, Speak Out" meetings. See Spurlock Decl., at ¶¶ 7–8. As the LCPS Director of Equity testified in her declaration, the responses that were submitted using the bias reporting form in the few months it was in use were either duplicative of issues already identified by the Office of Equity, contained information that was off topic, and/or contained insufficient detail to permit meaningful discussion. Id., at ¶ 8. Since summer of 2021, the School Board has not attempted to amend, reinstate or replace the bias reporting form, and has no intention of reintroducing a bias reporting system of any kind for any purpose in the future. Id., at ¶¶ 9–13. Because the School Board discontinued all use of the form two years ago, has not reimplemented or replaced it in the intervening period, and has no intention of doing so, there is no more than "a merely theoretical possibility," at most, that the School Board would revisit use of the bias reporting form. Accordingly, the voluntary cessation exception to the mootness doctrine is inapplicable and Plaintiffs' requests for injunctive and declaratory relief are moot.

### B. The "Capable of repetition, yet evading review" Exception is Inapplicable.

The second exception to the mootness doctrine "permits federal courts to consider disputes, although moot, that are capable of repetition, yet evading review." Sears, 2022 U.S. Dist. LEXIS 88162, at*8 n.8 (quoting Incumaa, 507 F.3d at 288–89) (internal quotation marks omitted). This exception is "a narrow one, reserved for 'exceptional' circumstances." Lighthouse Fellowship Church, 20 F.4th at 165 (quoting Int'l Bhd. of Teamsters, Loc. Union No. 639 v. Airgas, Inc., 885 F.3d 230, 237 (4th Cir. 2018)). As the Fourth Circuit has emphasized, the "party seeking to invoke this exception to the mootness doctrine bears the burden of showing

its application." Id. (quoting Williams v. Ozmint, 716 F.d 801, 810 (4th Cir. 2013)). Under this exception, the Court may retain jurisdiction over a dispute only when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." J.W. v. Knight, 452 Fed. App'x 411, 415 (2011) (quoting Incumaa, 507 F.3d at 289) (internal quotation marks and brackets omitted).

"The second inquiry for this exception—whether there is reasonable expectation that [a plaintiff] will again be subjected to the challenged acts—is very similar to the analysis of the voluntary cessation exception." Lighthouse Fellowship, 20 F.4th at 165. "The Supreme Court has explained that 'a mere physical or theoretical possibility' is insufficient to satisfy this second inquiry." Id. (citing Murphy v. Hunt, 455 U.S. 478, 482 (1982)).

As noted above, with respect to the children of Plaintiffs Menders and Mineo, their children, RM and AM, have now graduated, and are no longer enrolled in the school division [ECF. No. 70, ¶¶ 4–5]. Consequently, there can be no reasonable expectation that they would be subjected to use of the bias reporting form and, therefore, the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply. See, e.g., Mellen v. Bunting, 327 F.3d 355, 364 (4th Cir. 2003) ("When students challenge the constitutionality of school policies, their claims for declaratory and injunctive relief generally become moot when they graduate.").

With respect to Plaintiff Jane Doe # 2 and her daughter, Jane Doe #5 (assuming she is still enrolled in LCPS), and as noted above with respect to the voluntary cessation exception, there can be no reasonable expectation that the School Board will revive a bias reporting form that it voluntarily abandoned two years ago. The exceptional circumstances required to satisfy the "capable of repetition yet evading review" exception are therefore not present. Any belief on

6

the part of any of the Plaintiffs that their constitutional rights would be infringed upon by the School Board's bias reporting form is now—as in truth, it always has been—purely theoretical. Accordingly, the "capable of repetition yet evading review" exception to the mootness doctrine is inapplicable.

**CONCLUSION**

For the reasons stated above, the School Board's position is that all that remains to be decided in this case is Plaintiffs' request for nominal damages and attorney's fees and the School Board respectfully requests that the Court dismiss Plaintiffs' claims for declaratory and injunctive relief.

Respectfully submitted,

LOUDOUN COUNTY SCHOOL BOARD

By Counsel

/s/ R. Matthew Black
Stacy L. Haney, Esq. (VSB 71054)
R. Matthew Black, Esq. (VSB 94663)
HANEY PHINYOWATTANACHIP PLLC
9201 Arboretum Pkwy, Suite 160
Richmond, VA 23236
Tel: (804) 500-0301
Fax: (804) 500-0309
shaney@haneyphinyo.com
mblack@haneyphinyo.com
*Counsel for Loudoun County School Board*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2023, I have electronically filed the foregoing DEFENDANT LOUDOUN COUNTY SCHOOL BOARD'S POSITION CONCERNING WHAT ISSUES REMAIN TO BE DECIDED IN THIS CASE using the CM/ECF system, which will automatically send email notification of such filing to counsel of record as follows:

>Jeffrey D. Jennings
>Daniel R. Suhr
>Reilly Stephens
>LIBERTY JUSTICE CENTER
>208 South LaSalle Street, Suite 1690
>Chicago, IL 60603
>Tel: (312) 263-7668
>Fax: (312) 263-7702
>jjennings@libertyjusticecenter.org
>dsuhr@libertyjusticecenter.org
>rstephens@libertyjusticecenter.org
>*Counsel for Plaintiffs*

>/s/ R. Matthew Black
>Stacy L. Haney, Esq. (VSB 71054)
>R. Matthew Black, Esq. (VSB 94663)
>HANEY PHINYOWATTANACHIP PLLC
>9201 Arboretum Pkwy, Suite 160
>Richmond, VA 23236
>Tel:   (804) 500-0301
>Fax:   (804) 500-0309
>shaney@haneyphinyo.com
>mblack@haneyphinyo.com
>*Counsel for Loudoun County School Board*